**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-_____

STORAGE WAR STORE, LLC and
MIKE PENTEL,

Plaintiffs,

v.

SCOTTSDALE INSURANCE COMPANY d/b/a
NATIONWIDE E&S/SPECIALTY,

Defendant.

---

## NOTICE OF REMOVAL

---

Defendant Scottsdale Insurance Company d/b/a Nationwide E&S/Specialty ("Scottsdale"), by and through its attorneys Gordon & Rees LLP, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully files this Notice of Removal of the above-captioned action from the District Court for the County of Adams, Colorado to the United States District Court for the District of Colorado. In support of this Notice of Removal, Scottsdale states as follows:

1. On June 3, 2019, plaintiffs filed a Verified Complaint and Jury Demand against Scottsdale in the District Court for Adams County, Colorado, captioned *Storage War Store, LLC and Mike Pentel v. Scottsdale Insurance Company d/b/a Nationwide E&S/Specialty*, Case No. 2019CV30878 (the "State Court Case"). Prior to filing the Complaint and Jury Demand, plaintiffs served a copy of the summons and complaint on the Colorado Division of Insurance as registered agent for Scottsdale on May 21, 2019.

2. This Notice of Removal is filed within the thirty-day requirement under 28 U.S.C. § 1446(b).

3. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds a sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1).

4. This Court has jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b) because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

- For diversity purposes, "Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015); *see also Spring Creek Exploration & Prod. Co., LLC v. Hess Bakken Invs. II, LLC*, 887 F.3d 1003, 1013 (10th Cir. 2018) (addressing Colorado law). At all relevant times, Plaintiff Storage War Store, LLC is a Colorado Limited Liability Company. (Complaint, ¶ 1). The sole member/manager of Plaintiff Storage War Store, LLC is Plaintiff Mike Pentel, who is domiciled in the state of Colorado. (*Id.* at ¶ 2). Plaintiffs are now and was at all relevant times a citizen of the State of Colorado for purposes of diversity jurisdiction.

5.      For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  At all relevant times, Scottsdale was, and is, a foreign corporation incorporated in the state of Ohio, with its principal place of business in the State of Ohio at One Nationwide Plaza, Columbus, Ohio 43215.  Scottsdale is now and was at all relevant times a citizen of the State of Ohio for purposes of diversity jurisdiction. (*See* **Exhibit A**).

6.      No change of citizenship of the parties has occurred since the commencement of this action.  Under 28 U.S.C. § 1332(a), there is complete diversity of citizenship between plaintiffs and Scottsdale.

7.      This Court has diversity jurisdiction where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1224 (10th Cir. 2001).  The amount in controversy must be determined by the allegations contained in the complaint or, if not dispositive, by the allegations in the Notice of Removal. *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).  Where the complaint is inconclusive regarding the amount of damages sought, the Court may look to other sources to demonstrate jurisdictional facts, including "'contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence … about how much it would cost to satisfy the plaintiff's demands.'" *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006) (Easterbrook, J.).

8.       The amount in controversy here exceeds $75,000, exclusive of interest and costs. This lawsuit arises out of alleged hail damage to a commercial property. *See Complaint.* The Complaint alleges Scottsdale breached the insurance policy it issued to plaintiffs by "failing to perform its obligations under the contract, including payment of reconstruction and loss of business income benefits and other benefits owed to Storage War and Pentel under the Policy." (*Id.* at ¶ 23). Plaintiffs seek double damages under Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116, attorneys' fees and costs that may be awarded under that claim, and any damages that might be awarded under plaintiffs' common law bad faith claim. (*Id.* at ¶¶ 27-30). While they have not provided a specific amount for damages, plaintiffs claim their damages exceed $100,000. (*See* Civil Case Cover Sheet). If plaintiffs prevail on their breach of contract and bad faith claims, and receive double damages under Colo. Rev. Stat. §§ 10-3-1115 and -1116, they will recover at least $75,000, plus attorney fees and costs incurred in this litigation.

9.       Courts in this district have concluded that the amount in controversy exceeds the jurisdictional amount when an insured brings a claim for breach of contract and also seeks to recover double the amount of the covered benefit pursuant to C.R.S. § 10-3-1116, plus attorneys' fees. *See Cox v. Lincoln Nat'l Life Ins. Co.*, 2010 U.S. Dist. LEXIS 134517, *10 (D. Colo. Dec. 9, 2010) (the amount in controversy was satisfied when the plaintiff alleged that defendant was required to pay her $40,000 in insurance benefits and also asserted a claim for double damages under C.R.S. § 10-3-1116); *Washington v. Am. Family Mut. Ins. Co.*, 2013 U.S. Dist. LEXIS 51240, *9-10 (D. Colo. Mar. 18, 2013) (finding that a plaintiff's claim for statutory damages under C.R.S. § 10-3-1116, including attorneys' fees, was sufficient for establishing the amount in controversy for purposes of removal). Thus, plaintiffs' claims for attorneys' fees are properly

considered in determining the amount in controversy. *Washington*, 2013 U.S. Dist. LEXIS 51240, *10-11; *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (finding that "[t]he Supreme Court has long held that when a statute permits recover of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship."). In this district, it is not unusual for attorney fee claims in first-party insurance bad faith cases to exceed $100,000. *See Etherton v. Owners Ins. Co.*, 2015 U.S. Dist. LEXIS 24765 (D. Colo. Mar. 2, 2015) (awarding plaintiff $175,170.00 in attorneys' fees); *Adamscheck v. Am. Family Mut. Ins.*, 2015 U.S. Dist. LEXIS 36979 (D. Colo. Mar. 24, 2015) (awarding $122,936 in attorneys' fees). Thus, when plaintiffs' claims for breach of contract, double damages, and attorneys' fees are combined, exclusive of interest and costs, the amount in controversy exceeds the $75,000 minimum.

10.     The State Court Case Civil Case Cover Sheet provides further evidence that plaintiffs value their claims in excess of the jurisdictional limit. On the Civil Case Cover Sheet filed on June 3, 2019, plaintiffs indicated the case is not governed by Colorado's simplified procedure pursuant to Colo. R. Civ. P. 16.1 because plaintiffs are "seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs". The Tenth Circuit Court of Appeals has concluded that a civil case coversheet is an "other paper" and, therefore, provides an appropriate basis to support the jurisdiction amount in controversy for purposes of removal. *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016).

11.     Pursuant to 28 U.S.C. § 1441(a), this Court is the appropriate court for filing a Notice of Removal from the District Court for Adams County, Colorado, where the State Court Case is currently pending.

12.     Pursuant to 28 U.S.C. § 1446(d) and D.C.Colo.LCivR 81.1, this Notice of Removal has been sent to all other parties in this action and has been filed with the state court clerk's office.  Within fourteen days of the filing of this Notice of Removal, Scottsdale will file a current state court docket sheet (register of actions) and will separately file each pending motion, petition, and related response, reply, and brief.  Copies of the state court Complaint, Civil Case Cover Sheet, and any Answers or Returns of Service, or orders served upon Scottsdale Insurance Company are submitted contemporaneously with this Notice pursuant to 28 U.S.C. § 1446(a).

DATED this the 11th day of June, 2019.

*/s/ Christine M. Kroupa*
John M. Palmeri, Esq.
Christine M. Kroupa, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
jpalmeri@grsm.com; ckroupa@grsm.com
*Attorneys for Defendant Scottsdale Insurance Company d/b/a Nationwide E&S/Specialty*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel of record, this 11th day of June, 2019:

David H. Wollins, Esq.　　　　　　[*copy via Colorado Courts E-Filing System*]
DAVID H. WOLLINS, P.C.
950 South Cherry Street, Suite 512
Denver, Colorado 80246
dhwollins@dhwpc-law.com

Clerk of the Civil Division　　　　　[*copy filed via Colorado Courts E-Filing System*]
Adams County District Court
1100 Judicial Center Drive
Brighton, Colorado 80601

　　　　　　　　　　　　　　　　　*/s/ Christine M. Kroupa*
　　　　　　　　　　　　　　　　　John M. Palmeri, Esq.
　　　　　　　　　　　　　　　　　Christine M. Kroupa, Esq.
　　　　　　　　　　　　　　　　　GORDON REES SCULLY MANSUKHANI, LLP
　　　　　　　　　　　　　　　　　555 Seventeenth Street, Suite 3400
　　　　　　　　　　　　　　　　　Denver, Colorado 80202
　　　　　　　　　　　　　　　　　Telephone: (303) 534-5160
　　　　　　　　　　　　　　　　　jpalmeri@grsm.com; ckroupa@grsm.com
　　　　　　　　　　　　　　　　　*Attorneys for Defendant Scottsdale Insurance Company d/b/a Nationwide E&S/Specialty*